UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT J. KALINA,

    Plaintiff,

v.

KING COUNTY JAIL, *et. al*,

    Defendants.

Case No. C05-0255RSL

ORDER DISMISSING PLAINTIFF'S CLAIMS

## I. Introduction

This matter comes before the Court on plaintiff Scott J. Kalina's "Verified First Amended Complaint," (Dkt. # 10), defendants' "Motion For Summary Judgment Dismissal" (Dkt. #35), and plaintiff's "Motion to Amend Complaint and Stay Defendant's Summary Judgment Motion" (Dkt. # 42). Plaintiff alleges that defendants violated his Eighth Amendment constitutional rights by denying him adequate medical treatment for a staph infection.[1] Defendants argue that summary judgment is appropriate because plaintiff has failed to show defendants were deliberately indifferent to his medical needs.

The Court, having reviewed plaintiff's complaint, the Report and Recommendation ("R & R") of United States Magistrate Judge Monica J. Benton, and the remaining record, adopts the R

---

[1] During his incarceration, plaintiff was diagnosed by jail medical personnel with methicillin-resistant staphylococcus aureus ("MRSA").

ORDER DISMISSING PLAINTIFF'S CLAIMS - 1

& R's recommendation to deny plaintiff's motion to amend and to grant summary judgment for defendants on the federal claims.[2] The Court writes a separate order to address the issue of supplemental jurisdiction.

## II. Background

Plaintiff alleges that he contracted MRSA while incarcerated at the Regional Justice Center in Kent, Washington, and that defendants subsequently denied him adequate medical treatment by refusing to perform the nasal decolonization therapy he requested. In addition to the Eighth Amendment claims brought under 42 U.S.C. § 1983, plaintiff also raises state law claims for "negligence, medical malpractice, failure to exercise due diligence, failure to diagnose, treat or otherwise act with reasonable care to prevent diseases, treat diseases and/or preventing them from worsening or remaining to exist." Plaintiff's Verified First Amended Complaint at p. 11. The Court properly has jurisdiction over plaintiff's state law claims because they "form part of the same case or controversy" as his federal claims. 28 U.S.C. § 1367(a).

## III. Discussion

A district court may decline to retain supplemental jurisdiction over state law claims if it dismisses all federal claims. 28 U.S.C. § 1367(c)(3). In exercising its discretion, the Court must consider whether dismissing the supplemental claims will comport with "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988); Executive Software North Am. v. U.S. Dist. Court, 24 F.3d 1545, 1554 (9th Cir. 1994). When federal claims are eliminated during the early stages of a lawsuit, the balance of factors weighs in favor of dismissing the state law claims without prejudice. Carnegie-Mellon, 484 U.S. at 350. In contrast, a district court may properly retain jurisdiction over state

---

[2] The Court does not fully agree with the reasoning in Part IV(A) of the R & R. Specifically, the R & R inaccurately states that plaintiff's proposed second amended complaint is based on an allegation "that MRSA positive patients were not quarantined because of cost," which Plaintiff failed to disclose in his first amended complaint. R & R at p. 7. Plaintiff's first amended complaint contains this very allegation. See Dkt. # 10 at pp. 5-6. Nevertheless, the plaintiff's proposed amended complaint does contain other new factual allegations regarding unsanitary conditions at the jail and raises new claims against King County. See Dkt. # 42-3 at p. 6, para. 17; p. 8, para. 27-28.

ORDER DISMISSING PLAINTIFF'S CLAIMS - 2

law claims where "substantial judicial resources have been committed and remanding would cause a duplication of efforts." Johnson v. City of Seattle, 385 F. Supp. 2d 1091, 1100 (W.D. Wash. 2005).

Because the Court adopts the R & R's recommendation granting summary judgment for the defendants on the federal law claims, it finds declining supplemental jurisdiction is consistent with the values of judicial economy, convenience, and fairness. The federal claims have been eliminated at an early stage, substantial judicial resources have not yet been committed to this case, and dismissing the state claims without prejudice will not cause a significant duplication of effort should the plaintiff decide to file these claims in state court.

### IV.  Conclusion

For the foregoing reasons, the Court DENIES plaintiff's "Motion to Amend Complaint" (Dkt. # 42) and GRANTS defendants' "Motion for Summary Judgment" (Dkt. #35). The Court dismisses plaintiff's federal claims with prejudice, and dismisses his state law claims without prejudice.

DATED this 26th day of February, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING PLAINTIFF'S CLAIMS - 3